# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION (TOLEDO)

| | | |
|---|---|---|
| **DENZELLE TUCKER,** | : | Case No. 3:22-cv-01095-JC |
| | : | |
| Plaintiff, | : | Judge James G. Carr |
| | : | |
| v. | : | |
| | : | **REPLY IN SUPPORT OF DEFENDANT** |
| **SANTA BARBARA TAX PRODUCTS** | : | **CIVISTA BANK'S MOTION FOR** |
| **GROUP, LLC,** *et al.*, | : | **JUDGMENT ON THE PLEADINGS** |
| | : | |
| Defendants. | : | |

## I. INTRODUCTION

In his Memorandum in Opposition to Defendant Civista's Motion for Judgment on the Pleadings (the "MJOP Response"), Plaintiff Denzelle Tucker's ("Mr. Tucker" or "Plaintiff") defense against the MJOP rests entirely upon allegations not contained within his Complaint. Although Plaintiff has filed a Motion for Leave to Amend the Complaint, accompanied by a Proposed Amended Complaint (the "Amended Complaint"), the fact remains that unless and until leave to amend is actually granted, and the Amended Complaint filed, Plaintiff's arguments are restricted to the four corners of the original Complaint. For that reason alone, the Court should reject the unsupported contentions set forth in the MJOP Response.

Beyond matters of procedure, the arguments Plaintiff makes in his MJOP Response are also legally incorrect. For the reasons set forth below, the exculpatory clauses protecting Civista from liability are sound and enforceable. Accordingly, the Court should grant Civista's MJOP and dismiss it from this case.

## II. LEGAL ARGUMENT

### A. Plaintiff's Arguments in Opposition to the MJOP Fall Outside the Scope of His Complaint and Should Not Be Considered.

The Sixth Circuit has established the following standard for adjudicating a motion for judgment on the pleadings:

> A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure may be granted when the moving party "is entitled to judgment as a matter of law." When deciding such a motion, the district court must take all the "well-pleaded material allegations of the pleadings of the opposing party" as true.

*Fix v. MetroHealth Sys.*, No. 1:16 CV 1141, 2016 U.S. Dist. LEXIS 122266, at *2-3 (N.D. Ohio July 29, 2016) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citation omitted)).  However, while "the district court considering a defendant's motion for judgment on the pleadings must construe the allegations of the complaint in the light most favorable to the plaintiff and accept the allegations as true, the court is under no obligation **to accept as true the plaintiff's legal conclusions** nor **to make unwarranted factual inferences**." *Fix*, *supra*, at *3 (citing to *Crist v. Pugin*, No. 3:08 CV 501, 2008 U.S. Dist. LEXIS 49274, at *1 (N.D. Ohio June 25, 2008)) (emphasis added).  In evaluating a motion for judgment on the pleadings, a district court cannot consider "additional allegations" that constitute "matters outside the pleadings." *Sorah v. Tipp City Exempted Vill. Sch. Dist. Bd. of Educ.*, 2020 U.S. Dist. LEXIS 45343, at *7-8 (S.D. Ohio Mar. 16, 2020).  Moreover, "[p]laintiffs are not permitted to remedy pleading deficiencies through a response brief." *Id*.  Here, Plaintiff explicitly and repeatedly flouts these principles, weaving a defense narrative premised exclusively upon allegations he failed to set forth in the Complaint.[1]

---

[1] As an initial matter, Plaintiff complains that Civista should have consented to his proposal to amend, or warned him that it planned to file the MJOP.  MJOP Response, p. 2.  These too constitute factual allegations not contained within the Complaint, and additionally are irrelevant to the disposition of the MJOP, and the Court should ignore them entirely.

First, Plaintiff raises for the very first time the argument that the Agreement among the parties is unconscionable. MJOP Response, p. 7. Plaintiff alleges that Civista's MJOP "asks this Court to make a determination of law without allowing the Court an opportunity to ascertain the basis upon which to make such a determination." *Id*. at p. 10. Going further, Plaintiff frames this as an affirmative requirement to prove a negative: that is, **even if he has not pled that any provision of the Agreement is unenforceable**, which at this point he has not, the Court must *sua sponte* test each provision for unconscionability anyway, or else face the specter of "reversible error." *Id*. Plaintiff provides no direct authority for this novel proposition, instead citing to a single case, *Ins. Co. of N. Am. v. Automatic Sprinkler Corp*., 67 Ohio St. 2d 91, 423 N.E.2d 151 (1981), in which the appellate court remanded the matter for an unconscionability hearing. *Id*. at 11. That opinion contains no context revealing any similarities whatsoever to the instant case, and certainly does not establish that an unconscionability hearing is **required** in all contract cases, including when the plaintiff **has not pled** unconscionability.

Moreover, Plaintiff reveals that he is well aware that he did not set forth any allegations as to unconscionability in the Complaint, claiming that "the facts will show that at no point was the participant, i.e., Tucker, involved in the bargaining process of this Agreement" and that "the online scheme by which Civista and SBTPG offer their services required Tucker to pay for TaxWise software prior to the Agreement even being disclosed for review." *Id*. However, the only facts this Court can consider at this point are those within the Complaint. Plaintiff's brazen attempt to bootstrap additional facts into his Complaint with the promise that they will eventually be proven should not be entertained.

Next, Plaintiff alleges that, despite being unable to actually cite to any such instances within the Complaint, he in fact did allege willful conduct on Civista's part, sufficiently to evade

3

one of the two exculpatory provisions within the Agreement. *Id*. This is simply not true: the word "willful[ly]" does not appear even a **single time** within the Complaint. *See generally* Complaint. Moreover, it is quite clear that Plaintiff knows that this is a misrepresentation, as he follows it with a hollow insistence that his general conduct allegations against Civista provided it with "notice" that he meant to plead that such conduct was willful.

Plaintiff's MJOP Response is entirely predicated upon facts that he failed to raise in his Complaint. That Plaintiff is concurrently attempting to amend his Complaint does not transform or supplement the existing pleading, nor does it permit him to evade the standard of review for the MJOP. Upon that basis alone, the Court should reject Plaintiff's opposition and grant the dismissal.

### B. The Agreement Excludes Civista from All Liability, and Those Exculpatory Provisions are Enforceable.

Even if the Court generously chooses to consider Plaintiff's collateral arguments, his claims nevertheless fail against Civista.

Plaintiff is contractually barred from bringing any claims against Civista. *See* Agreement, § 8.2 ("Participant expressly waives any Claim or right of action it could otherwise pursue against Bank and agrees not to pursue or threaten any lawsuit against Bank and instead to assert any rights to monetary compensation arising hereunder solely against Provider."); *see also id*. at § 5.4 ("[Civista] . . . shall not be liable for any mistake of fact or error of judgment, or acts or omissions of any kind, unless caused by the willful misconduct of Bank."). Even if the Court finds that the Complaint had somehow implicitly contained allegations of willfulness, Plaintiff would still be subject to the total prohibition set forth in Clause § 8.2. For several reasons, this provision remains enforceable.

As previously noted in Civista's MJOP, Ohio law permits parties to contract for the

limitation of liability. *See, e.g.*, *Nahra v. Honeywell, Inc.*, 892 F. Supp. 962, 969 (N.D. Ohio 1995) ("[L]imitation of liability clauses (including exculpatory clauses) may be freely bargained for in Ohio."); *Pruitt v. Strong Style Fitness*, 2011 Ohio App. LEXIS 4343, 2011-Ohio-5272, ¶ 8, (8th Dist.) ("Generally in Ohio, exculpatory clauses, which relieve a party from its own negligence, are not against public policy"); *Goss v. USA Cycling, Inc.*, 8th Dist. Cuyahoga No. 111084, 2022-Ohio-2500, ¶ 39 (same); *Papenfuse v. Toledo Area Regional Transit Auth.*, 6th Dist. Lucas No. L-14-1178, 2015-Ohio-3193, ¶ 6 (same).

"The party claiming unconscionability of an agreement bears the burden of proving that the agreement is **both** substantively and procedurally unconscionable." *DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, ¶ 16, 37 N.E.3d 194, 200 (Ct. App.) (quoting *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33) (emphasis added). Importantly, "[a] determination of whether a written agreement is unconscionable is an issue of law." *DeVito*, *supra*, at ¶ 16 (quoting *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 34).

Here, the Agreement is not substantively unconscionable. "Substantive unconscionability involves those factors which relate to the contract terms themselves and whether they are commercially reasonable." *DeVito*, *supra*, at ¶ 17 (quoting *Collins v. Click Camera & Video*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist.1993)). "When a contractual term is 'so one-sided as to oppress or unfairly surprise' a party, the contractual term is said to be substantively unconscionable." *DeVito*, *supra*, at ¶ 17 (quoting *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 311-312, 610 N.E.2d 1089 (9th Dist.1992)). In essence, it is a question of the "unfairness or unreasonableness of the contractual terms." *DeVito*, *supra*, at ¶ 17 (citing to *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith,*

5

*Inc.*, 159 Ohio App. 3d 27, 2004-Ohio-5953, 822 N.E.2d 8'41, ¶ 13 (9th Dist.)).

The exculpatory clauses in question are not inherently unfair or unreasonable. Out of the three defendants to this case, each of whom is a party to the Agreement, only Civista is shielded from liability. Plaintiff can freely pursue claims against both Green Dot and SBTPG, and is currently doing so. Thus, there can be no sincere argument that the limitation on Civista's liability has prevented him from any recourse. Although Plaintiff's claims lack merit, which will be shown through later discovery and motion practice, the recourse for such claims would be against Green Dot and SBTPG, not Civista.

The Agreement is also not procedurally unconscionable. Procedural unconscionability "is implicated in the formation of a contract, when one of the parties is either overborne by a lack of equal bargaining power or otherwise unfairly or unjustly drawn into a contract." *Wixom v. Union Sav. Bank*, 2006-Ohio-1216, ¶ 15, 165 Ohio App. 3d 765, 771, 848 N.E.2d 569, 574 (quoting *Information Leasing Corp. v. GDR Investments, Inc.*, 152 Ohio App.3d 260, 2003 Ohio 1366, at P20, 787 N.E.2d 652). "Factors relevant to an analysis of procedural unconscionability include 'education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question.'" *Wixom*, *supra*, at ¶ 15 (quoting *Collins v. Click Camera and Video, Inc*., 86 Ohio App.3d at 834, 621 N.E.2d 1294).

As Plaintiff sets forth in his Complaint, he operates a business through which he takes responsibility for the preparation of tax returns for his clients, and has one or more contracted tax preparers whom he pays directly. Compl., ¶¶ 9-11, 27-28. Plaintiff even specifically admits that he is party to contracts with those tax preparers. *See id.* at ¶¶ 27-28. Plaintiff clearly does not lack

6

for "education, intelligence, business acumen [or] experience."

Importantly, Ohio courts have upheld the enforceability of so-called "clickwrap" agreements.² *Campinha-Bacote v. AT&T Corp.*, 2017-Ohio-5608, ¶ 13 (Ct. App.) ("Ohio courts have held that clicking a 'clickwrap agreement' is an acceptable method to manifest assent to the terms of an agreement."). *See*, *e.g.*, *Ranazzi v. Amazon.com, Inc.*, 2015-Ohio-4411, ¶ 12, 46 N.E.3d 213 (granting motion to stay pending arbitration based on an arbitration clause found in a clickwrap agreement). Courts have also upheld such agreements where the disputed terms were contained in a hyperlink, "even where the user has failed to actually review the terms of use prior to manifesting assent." *Campinha-Bacote*, *supra*, at ¶ 13 (citing *Ranazzi v. Amazon.com, Inc.*, 2015-Ohio-4411, ¶ 13, 46 N.E.3d 213).

Therefore, even if the Court chooses to entertain Plaintiff's new arguments regarding unconscionability, those arguments fail. Whether an agreement is both substantively and procedurally unconscionable is a question of law, and based upon the allegations in the Complaint, the Agreement was not unconscionable as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the Court should grant Civista's Motion for Judgment on the Pleadings and dismiss Plaintiff's claims against Civista, with prejudice.

---

² Although Plaintiff characterizes the Agreement as a "browsewrap" agreement, the "clickwrap" designation appears to be more applicable here. Browsewrap agreements are "part of the web site [, *e.g.*, license terms are posted on a site's home page or are accessible by a prominently displayed hyperlink,] and the user assents to the contract when the user visits the web site.'" *Rudolph v. Wright Patt Credit Union*, 2021-Ohio-2215, ¶ 55, 175 N.E.3d 636, 651 (Ct. App.) (quoting *Register.com, Inc. v. Verio, Inc*., 356 F.3d 393, 429 (2d Cir.2004)). In contrast, "under a clickwrap arrangement, potential licensees are presented with the proposed license terms and forced to expressly and unambiguously manifest either assent or rejection prior to being given access to the product." *Rudolph*, *supra*, at ¶ 54 (quoting *Register.com, Inc. v. Verio, Inc*., 356 F.3d 393, 429 (2d Cir.2004)). The Agreement, attached to the Complaint as Exhibit D, explicitly directs the user to click "I AGREE," and the button is clearly visible below that clause. Agreement, § 9.16.

Respectfully submitted,

/s/ *Elizabeth M. Shaffer*
Elizabeth M. Shaffer (76449)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Tel: (513) 977-8200
Fax: (513) 977-8141
Elizabeth.shaffer@dinsmore.com

*Counsel for Defendant Civista Bancshares, LLC*

## CERTIFICATE OF SERVICE

On October 18, 2022, I electronically filed the foregoing through the ECF system, which will provide service to the following:

Norman A. Abood
101 Broadcast Building
136 N. Huron Street, Suite 101
Toledo, OH 43604
norman@nabood.com
*Attorney for Plaintiff*

                                          /s/ *Elizabeth M. Shaffer*
                                          Elizabeth M. Shaffer